IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rondal Adkins, | : | |
| Plaintiff, | : | Case No. 2:08-cv-0081 |
| v. | : | Judge Sargus |
| DeCarlo M. Blackwell, et al., | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court on the objections filed by the plaintiff, Rondal Adkins, to the Report and Recommendation issued on August 5, 2009. The Magistrate Judge recommended that summary judgment be entered in favor of defendants, DeCarlo Blackwell and Karen Smith, as to Mr. Adkins' claim that these defendants were deliberately indifferent to his medical needs in violation of his right to be free from cruel and unusual punishment secured by the Eighth Amendment. For the following reasons, the Court will overrule the objections and grant the defendants' motion for summary judgment.

I.

When objections are received to a report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After such review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C. §636(b)(1)(C).

II.

Mr. Adkins is a state prisoner incarcerated at the London Correctional Institution in London, Ohio. He suffers from a number of serious health conditions, including thyroid disease and high blood pressure, for which he takes prescription medication. Mr. Adkins complains that prison officials wrongfully substituted substandard medications for the drugs prescribed by his

physician and ignored the adverse affects allegedly caused by the inferior medicines. He further alleges that prison officials abruptly discontinued the replacement blood pressure drug, and that he consequently went for two weeks without any medication for this condition. Mr. Adkins contends that defendants Blackwell and Smith, through their lackadaisical way of addressing his serious medical needs, exhibited deliberate indifference.

On March 18, 2009, defendants Blackwell and Smith moved for summary judgment in their favor on plaintiff's Eighth Amendment claim. Their motion was based on the lack of personal involvement by defendant Blackwell in any of the decisions regarding plaintiff's medical treatment and the plaintiff's failure to show deliberate indifference on the part of defendant Smith. The defendants argued, in the alternative, that to the extent that Mr. Adkins demonstrated a constitutional violation, they are entitled to qualified immunity. The Magistrate Judge concluded that Mr. Adkins failed to set out specific facts showing that a constitutional violation had occurred. Accordingly, the Magistrate Judge recommended that summary judgment be entered in favor of defendants Blackwell and Smith. In light of this determination, the Magistrate Judge made no findings as to whether the right Mr. Adkins claimed the defendants violated was clearly established at the time their alleged conduct took place or whether the defendant's actions were objectively reasonable.

III.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1388-89 (6th Cir.1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); accord Moore v. Philip Morris Cos., 8 F.3d 335, 340 (6th Cir.1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a

2

reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); see Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest upon its mere allegations ... but ... must set forth specific facts showing that there is a genuine issue for trial ." Fed.R.Civ.P. 56(e); see Celotex, 477 U.S. at 324; Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir.1994). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. Anderson, 477 U.S. at 251; see Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir.1995); see also Matsushita, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

IV.

In his initial objection, Mr. Adkins submits that, as a pro se indigent litigant, his pleadings should be more liberally construed than those of a party represented by counsel. He complains that, despite the acknowledgments of wrongdoing by the defendants which purportedly appear throughout the record, the Magistrate Judge chose to focus on the plaintiff's technical deficiencies instead of the defendants' wrongful acts. It should first be noted that the defendants did not concede that their conduct rose even to the level of negligence, much less deliberate indifference. Defendants Blackwell and Smith merely argued in their reply that, assuming they were negligent, they would still be entitled to summary judgment on Mr. Adkins' Eighth Amendment claim. Moreover, while pro se parties are not held to the same standards as parties represented by counsel, they must still comply with the procedural rules that govern civil cases. Anderson v. Frye, No. C2-05-520, 2007 WL 912290 at *6 (S.D. Ohio Mar. 22, 2007)(citing McNeil v. United States, 508 U.S. 106, 113 (1993)). In this case, the standard for summary judgment motions required Mr. Adkins to set forth specific facts showing that there is a

3

genuine issue for trial. Because the Magistrate Judge based his recommended disposition on Mr. Adkins' failure to meet this burden, and not on a technicality, this objection is without merit.

Mr. Adkins also objects to the Magistrate Judge's denial of his request for appointment of an expert witness and asserts that he needed expert medical testimony to establish the seriousness of his medical condition. On March 19, 2009, the Magistrate Judge denied this request because it was unclear at that time whether the defendants would contest the issue of whether the plaintiff's medical condition was serious as opposed to trivial, minor, or insubstantial. The order (doc. 27) expressly provided that any party could file a motion for reconsideration within ten (10) days. Mr. Adkins failed to seek reconsideration and has consequently waived his right to this Court's review of the denial of his request for an expert witness. Notwithstanding the plaintiff's waiver, his objection fails on the merits. Defendants Blackwell and Smith assume in their motion for summary judgment that Mr. Adkins suffered a serious adverse reaction to his change in medication. Therefore, Mr. Adkins did not need expert medical testimony to establish the seriousness of his medical condition.

In his final objection, Mr. Adkins asserts that he provided corroborating evidence supporting his claim in the form of an affidavit of another prisoner. In his affidavit, Everett Easley, Jr. states that, as a prisoner at LCI during the tenure of defendant Smith as health care administrator, he also received the wrong medication and that, as a result, had to be rushed to the Ohio State University Medical Center's intensive care unit. In Mr. Easley's case, his physician had prescribed nadolol, a drug used to treat high blood pressure, which the nurses allegedly transcribed as haldol. Mr. Easley was then erroneously given haldol, instead of nadolol. This situation is quite different from Mr. Adkins' where the substitute medications he received were used to treat the same medical conditions as the original prescriptions. Therefore, the Magistrate Judge properly determined that Mr. Easley's affidavit does not create any inference that defendants Blackwell and Smith were deliberately indifferent to Mr. Adkins' medical needs.

V.

The only other defendant listed in the complaint was the Hugh J. Daley. The complaint was filed on January 31, 2008. The record reflects that this defendant was never served. See Response to Application to Enter Default (doc. 12). Federal Rule of Civil Procedure 4(m)

4

provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because Mr. Adkins cannot obtain any relief against the defendants who have been served, there would appear to be no reason to continue this case against defendant Daley. The Court will therefore dismiss the claims against defendant Hugh J. Daley without prejudice pursuant to Rule 4(m).

VI.

Based on the foregoing reasons, the plaintiff's objections (doc. 37) are **OVERRULED**. Upon de novo review, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (doc. 35). The motion for summary judgment filed by defendants DeCarlo Blackwell and Karen Smith (doc. 26) is **GRANTED**, and the plaintiff's claims against these defendants are hereby **DISMISSED** with prejudice. The claims against defendant Hugh J. Daley are **DISMISSED** without prejudice. The Clerk shall terminate this action.

**SO ORDERED.**

Date: 9-8-2009

Edmund A. Sargus, Jr.
United States District Judge